UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0136-TWP-DML |
| | ) | |
| ALEXANDER MENDEL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 14, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 15, 2017 and a supplemental petition filed on January 30, 2018. Defendant Mendel appeared in person with his appointed counsel Joseph Cleary. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Mendel of his rights and provided him with a copy of the petitions. Defendant Mendel orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Mendel admitted violations 1, 2, 3, 4, and 7. [Docket No. 63.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

As previously reported to the Court, Mr. Mendel was arrested by officers from the Indianapolis Metropolitan Police Department (IMPD) on January 10, 2017, and was charged under cause number 49G08-1701-CM-001338 in the Marion County, Indiana, Superior Court 8 with Count 1, Possession of Marijuana; and Count 2, Possession of Paraphernalia, both misdemeanor offenses. On February 28, 2017, he pled guilty to Count 1, and Count 2 was dismissed. He was sentenced to 180 days incarceration, with 176 days suspended, and 176 days probation.

According to the Probable Cause Affidavit, officers responded to a call regarding a male "passed out" in a vehicle. The offender was encountered, and a glass pipe and "suspected salvia or like substance" was located in his vehicle.

| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |

As stated in the above-mentioned conduct, on January 17, 2017, the offender was found in possession of marijuana.

| 3 | **"The defendant shall not commit another federal, state, or local crime."** |

On August 10, 2017, Mr. Mendel was arrested by officers from IMPD and was charged with Count 1, Possession of Marijuana, felony; and Count 2, Possession of Paraphernalia, misdemeanor. On August 11, 2017, the charges were filed in the Marion County Superior Court 25, and are pending under cause number 49G25-1708-F6-029412.

On August 10, 2017, a search of Mr. Mendel's residence was conducted by officers from the United States Probation Office, along with IMPD officers. Located throughout the offender's bedroom were four clear plastic baggies of various weights of suspected marijuana. Additionally, three glass pipes and an electronic scale were recovered from the same area. The suspected marijuana weighed at approximately 45.50 grams.

| | |
|---|---|
| 4 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |

As stated in the above-mentioned conduct, on August 10, 2017, the offender was found in possession of marijuana and paraphernalia.

| | |
|---|---|
| 7 | **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on this computer."** |

During a search of the offender's residence on August 10, 2017, he was found to be in possession of PlayStation 3 and PlayStation 4 gaming devices, both which were Internet enabled. A review of his browser history on the PlayStation 4 device indicated he used the Internet to access social media sites, including dating websites such as "Plenty of Fish." His "Frequently Used Pages" included "search for cute girls," and various profiles of women. He admitted to the probation officer he used the Internet on the PlayStation 4 for various purposes, including chatting on on-line dating websites. He denied he has searched for pornography on the device. He indicated he was not certain of the content on the PlayStation 3, as he owned it prior to his incarceration on the instant offense. Prior to the search, Mr. Mendel had not disclosed his use of such devices to the probation officer, nor were either of these devices monitored.

4. After a hearing, the Court found Defendant Mendel guilty of violation 8. [Docket No. 77.]

5. The allegation to which Defendant was found guilty, as fully set forth in the petition, is:

| | |
|---|---|
| 8 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On January 22, 2018, Mr. Mendel submitted a urine sample which tested positive for cocaine. He was confronted by the probation officer on

       January 25, 2018, and denied use of this substance. As such, the sample was referred to Alere Laboratory for additional testing. On January 28, 2018, it was confirmed positive for "benzoylecgonine-cocaine etabolite." A urine sample collected on December 27, 2017, was diluted.

6.    Government moved to dismiss violation 6 and the same granted.

7.    The parties stipulated that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is I.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

6.    Government recommended a sentence of six (6) months incarceration followed by lifetime supervision. Defendant recommended a sentence to be served either at a Residential Reentry Center or home detention.

      The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months with lifetime supervised release to follow. However, the Magistrate Judge finds that execution of this six-month sentence should be held in abeyance, and sets this matter for a status hearing on June 5, 2018. As more fully set forth on the record, the Magistrate Judge recommends that execution of the six-month sentence be held in abeyance because Defendant is employed and received favorable support from this employer; Defendant is paying toward his restitution; Defendant would benefit from ongoing treatment/counseling; Defendant has support from his family; Defendant is a Bronze Star decorated war veteran who served in Iraq; and Defendant has been punished in state court for the drug-related offenses that, in part, undermine his supervised release violations. If Defendant

remains employed, remains drug free, continues with his counseling, and is otherwise in compliance with the terms of his supervised release, the Magistrate Judge will consider, at the June 5 hearing, recommending that the six-month sentence be vacated, subject to other ongoing conditions of supervised release.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer

for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment; substance abuse testing; sexual disorder assessment, treatment, and physiological testing; mental health treatment; and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that

impair a person's physical or mental functioning, whether or not intended for human consumption.

Given Mr. Mendel's substance abuse history, alcohol-related offenses, and conviction for a marijuana related offense while under supervision, these conditions are crucial in helping to hold him accountable, assisting him in his rehabilitation, and providing him with necessary substance abuse treatment in the community.

20. All employment shall be approved in advance by the probation officer.

21. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

22. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

23. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

24. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

25. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

26. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

27. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis.

    You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

28. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the date contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violations or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to search.

29. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    This condition is recommended as a result of the offender's mental health diagnoses including Post Traumatic Stress Disorder and depression, as well as a prior suicide attempt.

The Defendant is released on conditions of supervised release pending the District Judge's action on this Report and Recommendation.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

    Dated: 02/20/2018

                                                      Tim A. Baker
                                                    United States Magistrate Judge
                                                    Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal