UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:13-cr-0136-TWP-DML |
| | ) | |
| ALEXANDER MENDEL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 2, 2018, the Court held a hearing on the Supplemental Petitions for Warrant or Summons for Offender Under Supervision filed on May 4, and June 20, 2018 and a status conference regarding the previous sentence Defendant Mendel received on February 14, 2018. [Dkt. Nos. 87, 88 and 89.]  Defendant Mendel appeared in person with his appointed counsel Joseph Cleary.  The government appeared by MaryAnn Mindrum, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Mendel of his rights and provided him with a copy of the petitions.  Defendant Mendel orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant Mendel admitted violations 9, and 12. [Docket Nos. 90 and 102.]

    3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 9 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On April 11, 2018, Mr. Mendel submitted a urine sample which tested positive for opiates. He denied illicit substance use and the sample was sent for confirmation. On approximately April 17, 2018, the sample was confirmed positive for Hydrocodone, Hydromophone, and Oxycodone. Mr. Mendel subsequently submitted verification of prescribed medications. His medication for Hydrocodone was consistent with two of the three confirmed substances. However, none of the medications he was prescribed, including those administered by injection during a surgery on April 9, 2018, were consistent with the use of Oxycodone. A urine sample taken on April 18, 2018, was consistent with the offender's prescribed medications. Samples collected on April 26, April 30, and May 3, 2018, were negative.

| | |
|---|---|
| 12 | **"You shall not use or possess alcohol."** |

The offender reported to the probation office on June 13, 2018. His eyes appeared red, glassy, and blood shot. Also, an odor of alcohol was smelled on his person. He denied any use of alcohol and said he was suffering from allergies. A Breathalyzer test was administered and the results were positive for alcohol at .012. A urine sample was also collected, which tested positive for ethanol. On June 14, 2018, he was confronted by the probation officer and said he drank two beers on the evening of June 12, 2018, where he was attending a party.

4. After a hearing, the Court found Defendant Mendel guilty of violations 10, and 11. [Docket No. 102.]

5. The allegations to which Defendant was found guilty, as fully set forth in the petition, is:

| | |
|---|---|
| 10 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per** |

> month.  You shall not attempt to obstruct or tamper with the testing method."
>
> On May 23, 2018, a sweat patch was applied to Mr. Mendel's back as a means of testing for substance abuse. On June 4, 2018, he called the probation officer and reported the patch was missing from his back. On June 6, 2018, he reported to the probation office, and the area where the patch was previously applied was observed. His skin appeared red, bumpy, and irritated. He denied tampering with the patch. A picture of the offender's back was sent to PharmChem, Incorporated. It was indicated "missing cellulose padding is clear indication

11    **"You shall permit a probation officer to visit you at a reasonable tie at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer."**

> On June 8, 2018, Mr. Mendel was contacted by the probation officer via telephone. He was asked to meet the officer at his residence for a home inspection. He refused and replied, "I'm not going to accommodate you." He said he was at his sister's home watching a movie and gave the probation officer "all day" to meet with him.

6. The parties stipulated that:

    (a)   The highest grade of violation is a Grade B violation.

    (b)   Defendant's criminal history category is I.

    (c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

7. Government recommended a sentence of six (6) months incarceration followed by lifetime supervision.  Defendant argued for a lesser sentence.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months with lifetime supervised release to follow.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance

4

with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment; substance abuse testing; sexual disorder assessment, treatment, and physiological testing; mental health treatment; and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

    Given Mr. Mendel's substance abuse history, alcohol-related offenses, and conviction for a marijuana related offense while under supervision, these conditions are crucial in helping to hold him accountable, assisting him in his rehabilitation, and providing him with necessary substance abuse treatment in the community.

20. All employment shall be approved in advance by the probation officer.

21. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

22. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

23. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

24. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

25. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

26. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

27. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

28. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the date contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful

    conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violations or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to search.

29. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

   This condition is recommended as a result of the offender's mental health diagnoses including Post Traumatic Stress Disorder and depression, as well as a prior suicide attempt.

The Defendant is released on conditions of supervised release pending the District Judge's action on this Report and Recommendation.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

    Dated: 7/6/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal